UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| KWAME ASANTÉ | CIVIL ACTION |
| VERSUS | |
| EXPERIAN INFORMATION SOLUTIONS, INC. | NO.: 18-852-BAJ-RLB |

RULING AND ORDER

Before the Court is Experian Information Solutions, Inc.'s **Motion for Judgment on the Pleadings (Doc. 16)** against Kwame Asanté. For the reasons that follow, the **Motion (Doc. 16)** is **GRANTED**.

I. BACKGROUND

This dispute arises from a consumer credit reporting agency's alleged failure to remove false and damaging information from a credit report. (Doc. 1).

Kwame Asanté is a Louisiana-licensed attorney. (*Id.* at ¶ 13). Experian is a consumer credit reporting agency. (*Id.* at ¶ 4). Asanté, proceeding *pro se*, sued Experian for defaming him and violating his rights under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq.* (*Id.* at ¶¶ 12–40). He alleges that Experian defamed him by publishing "false and negative statements concerning" his credit history. (*Id.* at ¶ 22). He alleges that Experian violated his rights under the FCRA by failing to "perform reasonable reinvestigations" of items on his credit report. (*Id.* at ¶ 34).

1

This is not the first time Asanté has sued Experian. (*Id.* at ¶ 32). Less than one year before he filed this suit, he obtained a favorable judgment in another: a suit against Experian in Baton Rouge City Court. (Doc. 16-3). The judgment, entered in March 2018, awarded him $3,000 in statutory penalties for FCRA violations occurring in June 2017. (*Id.*).

Pointing to that judgment, Experian invokes Louisiana's res judicata statute, LA. R.S. 13:4231, and moves for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). (Doc. 16). Asanté opposes. (Doc. 30). His brief, however, does not address Experian's res judicata argument.[1] (*Id.* at pp. 1–11). In the first six pages, he restates the allegations of his complaint and recites the Rule 12(c) standard; in the remaining five pages, he requests that the Court strike Experian's defenses.[2] (*Id.*).

## II. LEGAL STANDARD

Experian's Rule 12(c) motion for judgment on the pleadings is subject to the same standard as a Rule 12(b)(6) motion to dismiss. *See Troice v. Greenberg Traurig, L.L.P.*, 921 F.3d 501, 504 (5th Cir. 2019). To overcome the motion, Asanté must plead a plausible claim for relief. *See Romero v. City of Grapevine, Tex.*, 888 F.3d 170, 176 (5th Cir. 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim is plausible if it is pleaded with factual content that allows the Court to reasonably infer that

---

[1] Nor does it address Experian's failure-to-state-a-claim arguments. (Doc. 30 at pp. 1–11). Because the Court resolves the motion on res judicata grounds, it need not consider Experian's failure-to-state-a-claim arguments.

[2] The request is procedurally improper: a motion to strike must be raised in a separate motion—not in an opposition brief. *See* FED. R. CIV. P. 12(f).

2

Experian is liable for the misconduct alleged. *See Edionwe v. Bailey*, 860 F.3d 287, 291 (5th Cir. 2017) (citing *Iqbal*, 556 U.S. at 678). The Court accepts as true the well-pleaded facts of Asanté's complaint and views those facts in the light most favorable to him. *See Midwest Feeders, Inc. v. Bank of Franklin*, 886 F.3d 507, 513 (5th Cir. 2018).

Res judicata should ordinarily be pleaded as an affirmative defense, not raised in a Rule 12 motion.[3] *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 n.2 (5th Cir. 2005). But the Court may enter a Rule 12 dismissal on res judicata grounds if the elements of res judicata are apparent from the face of the pleadings and facts that may be judicially noticed. *See Kansa Reinsurance Co. v. Congressional Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994).

In ruling on Experian's motion, the Court may consider Asanté's Baton Rouge City Court judgment because Asanté references the judgment in his complaint and the judgment is central to his FCRA claim. *See Ironshore Europe DAC v. Schiff Hardin, L.L.P.*, 912 F.3d 759, 763 (5th Cir. 2019).

### III. CHOICE OF LAW

The Court applies Louisiana law to determine the preclusive effect of a judgment rendered by a Louisiana court. *See Weaver v. Tex. Capital Bank N.A.*, 660 F.3d 900, 906 (5th Cir. 2011).

---

[3] Asanté does not challenge Experian's raising of res judicata by Rule 12 motion (Doc. 30 at pp. 1–11).

## IV. DISCUSSION

Louisiana res judicata law instructs that a valid and final judgment in favor of Asanté extinguished all claims that existed at the time of the judgment and arose from the same transaction or occurrence. *See* LA. R.S. 13:4231(1).

To obtain dismissal on res judicata grounds, Experian must show that (1) the Baton Rouge City Court judgment is valid; (2) the Baton Rouge City Court judgment is final; (3) the parties are the same; (4) the claims Asanté asserts here existed in March 2018, when the Baton Rouge City Court rendered the judgment; and (5) the claims Asanté asserts here arise from the same transaction or occurrence that was the subject matter of the Baton Rouge City Court suit. *See Chauvin v. Exxon Mobil Corp.*, 2014-0808 at pp. 5–6 (La. 12/9/14); 158 So. 3d 761, 765. The Court considers each element in turn.[4]

### A. The Judgment is "Valid"

A judgment is "valid" if it was rendered by a court with subject-matter jurisdiction over the action and personal jurisdiction over the parties. LA. R.S. 4231, cmt. (d). The Baton Rouge City Court had subject-matter over the action, a suit for less than $5,000. *See* LA. R.S. 13:5202(A) (setting $5,000 jurisdictional limit). And the Baton Rouge City Court had personal jurisdiction over the parties—Asanté and Experian—because the parties submitted to its jurisdiction. *See Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 704–705 (1982). So the Baton

---

[4] The Court emphasizes that Asanté does not dispute Experian's satisfaction of any element of res judicata. (Doc. 30). He mentions res judicata just once in his opposition brief, in a one-paragraph request to strike the defense as insufficiently pleaded. (Doc. 30 at p. 10).

Rouge City Court judgment (Doc. 16-3 at p. 2) is "valid," and the first element of res judicata is met.[5] *See Chauvin*, 158 So. 3d at 765.

### B. The Judgment is "Final"

A judgment is "final" if it "disposes of the merits in whole or in part." LA. R.S. 4231, cmt. (d). The Baton Rouge City Court judgment is "final" because it awarded Asanté the "full amount" he requested and "grant[ed] [Asanté's] relief as prayed for." (Doc. 16-3 at p. 2). So the second element of res judicata is met. *See Chauvin*, 158 So. 3d at 765.

### C. The Parties are the Same

Asanté and Experian were the parties in the Baton Rouge City Court suit and are the parties in this suit. (Doc. 16-2 at p. 2). So the third element of res judicata is met. *See Chauvin*, 158 So. 3d at 765.

### D. The Claims Existed When the Baton Rouge City Court Entered Judgment

The Baton Rouge City Court entered judgment in March 2018. (Doc. 16-3 at p. 2). The defamation and FCRA claims Asanté brings in this suit stem from Experian's alleged failure to "reasonably reinvestigate" items on his credit report in June 2017. (Doc. 1 at ¶¶ 12–40). So Asanté's claims in this suit "existed" at the time he obtained a favorable judgment in the Baton Rouge City Court suit. The fourth element of res judicata is therefore met. *See Chauvin*, 158 So. 3d at 765.

---

[5] Other courts have given res judicata effect to city court judgments. *See Gladney v. Am. Heritage Life Ins. Co.*, 80 F. Supp. 2d 594, 598–600 (W.D. La. 1999); *In re Carwell*, 323 F. Supp. 590, 591 (E.D. La. 1971) (Rubin, J.).

### E. The Claims Arise From the Same Transaction or Occurrence

Claims arise from the same transaction or occurrence if they are "'so connected as to constitute a single wrong and so logically related that judicial economy and fairness mandate that all issues be tried in one suit.'" *Cooper v. WestEnd Capital Mgmt., L.L.C.*, v. 832 F.3d 534, 543 (5th Cir. 2016) (quoting *Lafreniere Park Found. v. Broussard*, 221 F.3d 804, 811 (5th Cir. 2000)).

The defamation and FCRA claims Asanté asserts in this suit are based on the same June 2017 credit report investigations that formed the basis of the claims Asanté litigated to judgment in Baton Rouge City Court. (Docs. 1, 16-2, 16-3). The "single wrong" is Experian's (allegedly) deficient investigation into, and reporting of, Asanté's credit history beginning in June 2017. *See Cooper*, 832 F.3d at 543. So the fifth and final element of res judicata is met.[6] *See Chauvin*, 158 So. 3d at 765.

* * *

Experian has shown that each element of res judicata is apparent from the face of Asanté's complaint and the facts that may be judicially noticed.

---

[6] Because Asanté does not argue that any of the exceptions to res judicata apply, the Court does not consider them. *See* LA. R.S. 13:4232(A).

## V. CONCLUSION

Accordingly,

**IT IS ORDERED** that Experian Information Solutions, Inc.'s **Motion for Judgment on the Pleadings (Doc. 16)** is **GRANTED**. Kwame Asanté's claims are **DISMISSED** with prejudice. A final judgment shall issue in accordance with Federal Rule of Civil Procedure 58.

Baton Rouge, Louisiana, this 31ST day of May, 2019.

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**